The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On May 12, 1994, Wayne Joseph Newbold was employed by defendant-employer.
2. On May 12, 1994, defendant-employer regularly employed three or more employees and had workers' compensation coverage through Casualty Reciprocal Exchange.
3. On May 12, 1994, Wayne Joseph Newbold sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a gunshot wound to the head resulting in his death.
4. On May 12, 1994, Wayne Joseph Newbold's average weekly wages were $242.41.
5. Wayne Joseph Newbold was never married and did not have any children.
6. At the time of the aforementioned accident, there were no persons dependent for support, in whole or in part, upon the earnings of Wayne Joseph Newbold.
7. Wayne Joseph Newbold was the biological child of Charles Richard Newbold and Eloise Coats Newbold Lambert. Wayne Joseph Newbold was born on November 14, 1958.
8. For some years prior to November 14, 1976 (Wayne Joseph Newbold's eighteenth birthday), Charles Richard Newbold did not provide any support for Wayne Joseph Newbold, did not visit or see Wayne Joseph Newbold, did not provide any gifts or cards to Wayne Joseph Newbold, and did not in any way partake in the care or maintenance of Wayne Joseph Newbold.
9. Charles Richard Newbold willfully abandoned the care and maintenance of Wayne Joseph Newbold for at least one year prior to Wayne Joseph Newbold's eighteenth birthday and did not resume the care or maintenance of Wayne Joseph Newbold within one year prior to Wayne Joseph Newbold reaching his eighteenth birthday.
10. Eloise Coats Newbold Lambert paid for the funeral expenses for Wayne Joseph Newbold. These expenses exceeded $2,000.00 and defendants have reimbursed Ms. Lambert to the extent of $2,000.00 for this expense.
11. Charles Richard Newbold received notice of the hearing before the Deputy Commissioner but was neither present nor represented by counsel.
12. In May 1995, defendants served notice of service of process by publication to all persons dependent for support, in whole or in part, upon the earnings of Wayne Joseph Newbold as of May 12, 1994, instructing any such persons to assert a claim in writing as quickly as possible to the North Carolina Industrial Commission. The Industrial Commission has received no claims from anyone claiming to be dependent upon the earnings of Wayne Joseph Newbold. N.C. Gen. Stat. § 97-2 (6), (10).
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 12, 1994, Wayne Joseph Newbold sustained an injury by accident arising out of and in the course of his employment with defendant-employer. Wayne Joseph Newbold died as a proximate result of this accident. N.C. Gen. Stat. § 97-2 (6), 10.
2. Charles Richard Newbold willfully abandoned the care and maintenance of Wayne Joseph Newbold for at least one year prior to November 14, 1976 and did not thereafter resume the care and maintenance of Wayne Joseph Newbold prior to November 14, 1976. Accordingly, Charles Richard Newbold is entitled to no compensation by virtue of the death of Wayne Joseph Newbold. N.C. Gen. Stat. § 97-40.
3. Due to the willful abandonment of Wayne Joseph Newbold by Charles Richard Newbold and the fact that Wayne Joseph Newbold was not married, had no children nor any individuals dependent for support, in whole or in part, upon his earnings at the time of the aformentioned accident, Eloise Coats Newbold Lambert is entitled to four hundred weeks of compensation to be commuted to its present value and paid in a lump sum. N.C. Gen. Stat. § 97-38, -40.
4. If Wayne Joseph Newbold incurred any expenses for medical compensation as a result of the aforementioned injury by accident, defendants are obligated to pay for those expenses subject to the approval of the Industrial Commission. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee approved herein, defendants shall pay Eloise Coats Newbold Lambert compensation for 400 weeks beginning May 13, 1994, commuted to its present value and paid in a lump sum.
2. Defendants shall pay all medical expenses incurred by Wayne Joseph Newbold as a result of the aforementioned injury by accident.
3. An attorney's fee of $5,000.00 is hereby approved for her counsel. This amount shall be deducted from the amount due Ms. Lambert and paid directly to her counsel.
4. Defendants shall pay the costs due the Commission.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
LKM/bjp